## POWELL *a.* CLARK.

*New York Common Pleas; Special Term, May*, 1857.

INJUNCTION.—ADDITIONAL AFFIDAVITS.

On motion to dissolve an injunction, the plaintiff cannot support his original application by additional affidavits to those on which it was based; nor can such affidavits be permitted to be read, unless the defendant by his answer sets up new matter *in avoidance* of the plaintiff's claim.

This rule is applicable to a motion for an injunction; and the plaintiff will not be allowed to read new affidavits to meet those put in by the defendant, unless the latter set up new matter in avoidance.

The authorities on this subject reviewed.

Motion for an injunction.

*R. D. Holmes* and *E. W. Stoughton*, for plaintiff.

*Benedict & Boardman*, for defendant.

BRADY, J.—The plaintiff obtained on a complaint duly verified, and affidavits annexed thereto, an order to show cause why the injunction demanded by the complaint should not be granted. On the hearing the defendants read affidavits which denied the equities of the complaint, and set up new matter in

addition thereto: The plaintiff claimed to be the owner of a secret or recipe for making a preparation to clean kid gloves, and to have designated it as " Jouven's Inodorous Preparation for instantly Cleaning Kid Gloves." The affidavit of one of the defendants alleged that he bought the secret or recipe with his own money, and suggested the designation referred to, after having improved upon and perfected the recipe by experiments, the result of which is known only to himself. The plaintiff asks leave to respond to the new matter contained in the defendant's papers; to which the defendants object.

There is some confusion in the books upon the practice of admitting additional affidavits to be introduced on behalf of the plaintiff. In England the rule seems to be that the plaintiff cannot read affidavits filed subsequently to the *answer* (except in questions of waste) in contradiction of assertions positively made by the answer (1 *Barb. Ch. Pr.*, 64; *Eden on Injunctions*, 79), yet they will be received in support of allegations in the bill which relate to the acts of the parties neither admitted nor denied by the answer. (2 *Smith's Ch. Pr.*, 596.) Additional affidavits have also been admitted on motion after answer for an injunction and receiver in a case of partnership by analogy to waste. (Peacock *v.* Peacock, 16 *Ves.*, 49; 1 *Hoffm. Ch. Pr.*, 360; *Eden on Injunctions*, 236.) And in the Merrimack Manufacturing Company *v.* Garner (2 *Abbotts' Pr. R.*, 322), Judge Woodruff held, upon a careful consideration of the subject, that the plaintiff was not at liberty to read affidavits on the motion to dissolve the injunction in support of the allegations of the bill, and the affidavits which were presented on the argument were excluded. The motion, however, in that case was made after answer interposed. So also in the case of Hartwell *v.* Kingsley (2 *Sandf. S. C. R.*, 674), a motion was made to dissolve the injunction on the answer only, which was verified, and the plaintiff sought to read his reply duly verified and sundry affidavits recently made in opposition to the motion; but Sandford, J., held that under section 226 of the Code the motion being made on the answer *only*, which was not an affidavit, no affidavits could be read by the plaintiff in addition to those on which the injunction was granted. The same rule was declared by the Supreme Court in Servoss *v.* Stannard (2 *C. R.*, 56), and is said to have been the opinion of the six judges of the Superior

Court in a note appended to Hartwell v. Kingsley. Parker, J., however, in Krom v. Hogan (4 *How. Pr. R.*, 225), holds otherwise, regarding the answer on such a motion as an affidavit and not an answer *eo nomine.* See also a decision of Judge Harris (5 *How. Pr. R.*, 265), and the opinion of Roosevelt, J., in Hollins and Napier v. Mallard (10 *How. Pr. R.*, 540), to the same effect. There seems to exist some doubt on the question now whether on a motion to dissolve an injunction founded on the verified answer alone, the plaintiff may read additional affidavits under section 226 of the Code, although it seems to be settled in this district that he cannot.

There is an exception, however, which is admitted to the ruling in Hartwell v. Kingsley, and is suggested in The Merrimack Manufacturing Company v. Garner (2 *Abbotts' Pr. R.*, 322), and that is, that where the answer sets up new matter in avoidance of the facts alleged in the complaint, and admitted to be true, the answer must be regarded as an affidavit as to such new matter, and the plaintiff must be heard in reply if he desires. (See also Florence v. Bates, 2 *Code Rep.*, 110.)

The present motion is not one to dissolve the injunction, it is true, but to obtain one, and is made upon notice before the coming in of the answer. It is said in 1 *Smith's Ch. Pr.*, 596, that if a notice of motion for an injunction is given, and the defendant answer before the motion is heard, the court will regard the answer as an affidavit, and will allow the affidavit filed in support of the motion to be read in opposition to such answer. And in a note at page 597 the same rule is stated, founded on an examination of all the cases. This leaves us in doubt, however, upon the right of the plaintiff to read *additional* affidavits. In Florence v. Bates (*supra*), Judge Mason permitted the plaintiff, on a motion similar to this, to read affidavits in opposition to the new matter set up by the defendants, but confined such affidavits strictly to such new matter. It does not appear in the report whether the answer denied the merits of the complaint, or confessed and avoided them. The propriety of granting such permission is considered in that case, and it is stated there that we are without the guide of previous decisions in this State, and that very little is to be found in the English books on the subject.

In Hollins and Napier v. Mallard (*supra*), the defendants set up a set-off or counter-claim, and affidavits in relation to

such matter were admitted on a motion to dissolve the injunction.

From these cases, and from the practice which has prevailed in this State in equity, as I understand it, the plaintiff cannot support his original application by additional affidavits, nor can such affidavits be admitted to be read unless the answer sets up matter *in avoidance* of the plaintiff's claim or right. If the defendant's answer contains not only a denial of the plaintiff's equities, but claims a right in the defendant himself not derived from the plaintiff, which is this case, that will not present matter in avoidance; and so far as the application for the injunction is concerned, it may be disregarded, except as a denial, because if the right of the plaintiff be denied, and such denial be substantiated, he must fail. I am advised that the Supreme Court of the United States have recently adopted a rule allowing additional affidavits of the plaintiff on a motion for an injunction, in cases where title is disputed, and I am also aware that Mr. Justice Clerke, of the Supreme Court, has recently decided that the receipt of additional affidavits is a matter of discretion with the presiding judge; but I think that precedent and authority sustain the conclusion at which I have arrived. The defendant having, therefore, denied the merits of the complaint, and not having presented a defence by way of confession and avoidance, the plaintiff will not be permitted to respond to the opposing affidavits of the defendant.

## CONOVER'S CASE.

*Supreme Court, First District; Special Term, July,* 1857.

"STATE OFFICE."—DELIVERY OF BOOKS, &c.—"POSSESSION OF OFFICE."

An application (under 1 *Rev. Stats.*, 125, § 56) for an order for the delivery of the books and papers appertaining to an office, to a party who has succeeded to such office, must be denied, unless the right of the applicant to such relief is